UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID WILLIAMSON, CHASE HANSEL, KEITH BECHER, RONALD GORDON, JEFFERY KOEBERL, CENTRAL FLORIDA FREETHOUGHT COMMUNITY, SPACE COAST FREETHOUGHT ASSOCIATION, and HUMANIST COMMUNITY OF THE SPACE COAST,

    Plaintiffs,

v.

BREVARD COUNTY,

    Defendant.

Case No. 6:15-cv-1098-Orl-28DCI

**PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

The Court requested supplemental briefing on whether it may consider statements made by individual Commissioners to establish motive, intent, or animus. Controlling precedent makes clear that the answer is yes. The Supreme Court and the Eleventh Circuit have repeatedly relied on statements by individual legislators as evidence of impermissible purpose in Establishment Clause cases. Cases that have declined to rely on such statements in other contexts are inapplicable here for multiple reasons: (1) those cases addressed other constitutional provisions; (2) the Commissioners' statements are far from the sole basis for

1

declaring the County's conduct unconstitutional; (3) the record contains detailed testimony from all the Commissioners; and (4) the Commissioners' statements relate not only to the purpose of the County's resolution concerning invocations, but also to how that resolution is implemented and how the County has become excessively entangled with religion.

I. **The Supreme Court and the Eleventh Circuit have repeatedly relied on statements by individual legislators in Establishment Clause cases.**

Neither the Supreme Court nor the Eleventh Circuit has hesitated to use statements by individual legislators as evidence supporting rulings that statutes or other enactments violated the Establishment Clause because of a predominantly religious purpose. For example, in *Wallace v. Jaffree*, 472 U.S. 38, 56–57 (1985), the Supreme Court relied on statements made by a state statute's sponsor to the legislature and to the district court in striking down the statute (which provided for a moment of silence in public schools) on the grounds that it had an impermissibly religious purpose. Similarly, in *Edwards v. Aguillard*, 482 U.S. 578, 591–92 & n.13 (1987), the Court relied on statements made in legislative hearings by senators who sponsored or supported a law (which required creationism to be taught alongside evolution in public schools) to invalidate the law based on a religious purpose.

And in *Church of Scientology Flag Service Organization v. City of Clearwater*, 2 F.3d 1514, 1531–34 (11th Cir. 1993), in considering whether a city's charitable solicitation ordinance had a purpose that violated the Establishment Clause, the Eleventh Circuit devoted several pages to a detailed analysis of statements made by members of the city commission in a variety of contexts, including commission proceedings, election campaigns, and media interviews. *See also Church of the Lukumi Babalu Aye v. Hialeah*, 508 U.S. 520, 540–41 (1993) (plurality opinion of Kennedy, J., joined by Stevens, J.) (in a Free Exercise Clause

case, stating that "relevant evidence" of "the object of a law" "includes, among other things, . . . contemporaneous statements made by members of the decisionmaking body," and analyzing statements of city-council members who supported a challenged ordinance); *Krueger v. City of Pensacola*, 759 F.2d 851, 855–56 (11th Cir. 1985) (relying on records of city-council meetings to conclude that an ordinance prohibiting topless dancing in bars had no legitimate purpose and therefore violated the Free Speech Clause).[*]

## II. Cases that have declined to consider statements by individual legislators are inapplicable here for a host of reasons.

To be sure, some non-Establishment-Clause cases have declined to consider statements by individual legislators, such as *United States v. O'Brien*, 391 U.S. 367, 383–84 (1968), and *Palmer v. Thompson*, 403 U.S. 217, 224–25 (1971). In *Scientology*, 2 F.3d at 1528–29, the Eleventh Circuit strongly suggested that these cases are no longer good law, citing multiple subsequent Supreme Court cases. But this Court need not opine on whether these cases have indeed been abrogated, for they are inapplicable here on four principal grounds.

First, the Supreme Court suggested in *O'Brien* that consideration of statements by legislators would be appropriate "where the very nature of the constitutional question requires an inquiry into legislative purpose." 391 U.S. at 383 n.30. The Establishment

---

[*] Other courts similarly use statements of individual legislators in Establishment Clause cases. *See, e.g.*, *Green v. Haskell Cty. Bd. of Comm'rs*, 568 F.3d 784, 801–03 (10th Cir. 2009) (relying on public statements of county commissioners to support conclusion that county's display of Ten Commandments monument violated Establishment Clause by communicating governmental endorsement of religion); *Kitzmiller v. Dover Area Sch. Dist.*, 400 F. Supp. 2d 707, 728–30, 750–63 (M.D. Pa. 2005) (analyzing in great detail statements of school-board members to support conclusions that board policy promoting "intelligent design" as alternative to evolution was motivated by religious purpose and endorsed religion).

Clause does require such an inquiry.  Governmental action is unconstitutional under the Establishment Clause if its predominant purpose is to favor one or more faiths over others. *See, e.g.*, *McCreary Cty. v. ACLU of Ky.*, 545 U.S. 844, 860, 865 (2005); *Scientology*, 2 F.3d at 1529.  And the Supreme Court has specifically held that legislative-invocation practices must not "betray an impermissible governmental purpose" (*Town of Greece v. Galloway*, 134 S. Ct. 1811, 1824 (2014)) or "stem[] from an impermissible motive" (*Marsh v. Chambers*, 463 U.S. 783, 793 (1983)).  *Accord Pelphrey v. Cobb Cty.*, 547 F.3d 1263, 1278, 1281 (11th Cir. 2008).  Prohibiting courts from considering statements of legislators that demonstrate a sectarian motive would eviscerate these rules.

Second, in *O'Brien* and *Palmer*, the Court declined to strike down statutes that are "constitutional on [their] face" (*O'Brien*, 391 U.S. at 384) "solely because of the motivations of the men who voted for [them]" (*Palmer*, 403 U.S. at 224).  Here, the County's invocation policy *is* unconstitutional on its face — it facially discriminates based on religion against atheists and Humanists, contrary to *Greece*'s command that governments must "maintain[] a policy of nondiscrimination" in deciding who may present invocations.  *See* 134 S. Ct. at 1824; *accord Pelphrey*, 547 F.3d at 1282 ("[T]he categorical exclusion of certain faiths based on their beliefs is unconstitutional.").  The Commissioners' statements exhibiting favoritism of Christianity or monotheism and hostility toward atheism and other minority religions (*see* Stipulation of Facts, ¶¶ 150–89) just provide additional evidence of the policy's unconstitutionality.

Third, the Court in *O'Brien* expressed concern about invalidating a statute "on the basis of what fewer than a handful of Congressmen said about it," noting that "[w]hat

4

motivates one legislator to make a speech about a statute is not necessarily what motivates scores of others to enact it." 391 U.S. at 384. But here the record contains detailed deposition testimony and other statements from all seven current and former Commissioners who voted on the challenged invocation policy. A718–949; A1006–62. And that record evinces favoritism of majority faiths by each of those seven Commissioners. *See* Stipulation ¶¶ 150–89. This case is similar to *Krueger*, where, in the municipal-council context, the Eleventh Circuit did not follow *O'Brien* because the record "established with unmistakable clarity the actual motives of the legislators." 759 F.2d at 856.

Finally, cases such as *O'Brien* and *Palmer* declined to consider the statements of individual legislators only with respect to striking down legislation based on an impermissible purpose. *See O'Brien*, 391 U.S. at 383–84; *Palmer*, 403 U.S. at 224. Here, the Commissioners' statements do more than show the purpose of the resolution that sets forth the County's invocation policy. Because each invocation-speaker is selected by an individual Commissioner (Stipulation ¶ 200), the Commissioners' testimony demonstrates how the policy is actually implemented, disclosing (among other things) that Commissioners would exclude members of minority religions who are not barred by the resolution's text (Stipulation ¶¶ 159, 164, 169, 175, 182). In addition, the Commissioners' testimony evinces County entanglement with religion, as it shows that Commissioners would examine whether beliefs of certain religions are acceptable in deciding who may give opening invocations. *See* Stipulation ¶¶ 160, 165–66, 170, 176, 183–84.

\* \* \* \* \*

For the foregoing reasons, the Court should consider the Commissioners' statements.

Respectfully submitted,

By: /s/ Alex J. Luchenitser                         Date: October 28, 2016
       Alex J. Luchenitser (Trial Counsel)

Alex J. Luchenitser (Trial Counsel)*
Bradley Girard*
Americans United for Separation of Church and State
1901 L Street NW, Suite 400
Washington, DC 20036
Tel.: 202-466-3234 x207 / Fax: 202-466-3353
luchenitser@au.org / girard@au.org

Nancy G. Abudu
Florida Bar #111881
Daniel B. Tilley
Florida Bar #102882
ACLU of Florida
4500 Biscayne Blvd., Suite 340
Miami, FL 33137
Tel.: 786-363-2707 / Fax: 786-363-1108
nabudu@aclufl.org / dtilley@aclufl.org

Rebecca S. Markert*
Andrew L. Seidel*
Freedom From Religion Foundation, Inc.
304 W. Washington Ave.
Madison, WI 53703
Tel.: 608-256-8900 / Fax: 608-204-0422
rmarkert@ffrf.org / aseidel@ffrg.org

Daniel Mach*
ACLU Program on Freedom of Religion and Belief
915 15th Street NW
Washington, DC 20005
Tel.: 202-548-6604 / Fax: 202-546-0738
dmach@aclu.org

*Appearing *pro hac vice*.

## CERTIFICATE OF SERVICE

I certify that on October 28, 2016, I electronically filed this document by using CM/ECF, which automatically serves all counsel of record for the defendant.

By: /s/ Alex J. Luchenitser			Date: October 28, 2016
     Alex J. Luchenitser (Trial Counsel)

Alex J. Luchenitser (Trial Counsel)*
Americans United for Separation of Church and State
1901 L Street NW, Suite 400
Washington, DC 20036
Tel.: 202-466-3234 x207
Fax: 202-466-3353
luchenitser@au.org
*Appearing *pro hac vice*.