IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID WILLIAMSON, et al., ,

    Plaintiffs,                                    CASE NO. 6:15-CV-1098-ORL-28 DAB

vs.

BREVARD COUNTY,

    Defendant.

_____/

**Brevard County's Supplemental Summary Judgment Brief on Plaintiffs Free Speech Claim**

## Contents

Introduction ................................................................................................................................... 1

A.   The County's Pre-meeting Invocation is an Agenda Item of a County Commission Limited Public Forum at Which Reasonable, Content-Based and Viewpoint Neutral Restrictions on Speech Can Be Established. ..................................................................................................................................... 1

B.   The County's Rule Limiting Speech to Faith-Based Religious Prayer During the Agenda Item Is Reasonable: ................................................................................................................................. 4

   1.   The County's Restriction on Invocations to Faith-Based Religious Prayers Reasonably Furthers the Ceremonial Purpose of the Invocation Agenda Item, Which Is in Itself, Treated as a Limited Public Forum. ........................................................................................................................................ 4

   2.   The County's Rules on Speech and Speakers during the Invocation Agenda Item are Reasonable Because the Rules Open Alternative Channels of Communication to the Plaintiffs during the Same Limited Public Forum. ................................................................................................................. 6

C.   Restricting the Invocation Item on the Agenda to Faith-based Religious Prayer is a Valid Content-Based and Identity Restriction, Not Viewpoint Discrimination ................................................. 8

**Conclusion** .................................................................................................................................. 10

## Abbreviations

Am. Stipulation of Facts = Amended Stipulation of Facts

A = Appendix to Plaintiffs Motion for Summary Judgment

## Introduction

Even Plaintiffs recognize that in *Town of Greece v. Galloway*, 134 S.Ct. 1811, 1822 (2014), the Supreme Court required the government to regulate proselytizing and disparagement in the delivery of pre-meeting religious invocations, in effect, recognizing that invocations are delivered in a limited public forum. By practice and policy for over forty years, the County has restricted the invocation agenda item to the delivery of pre-meeting, faith-based religious prayers for the purpose of acknowledging the traditional positive role faith-based religions have historically played in the community. In a limited public forum, the government is allowed to impose reasonable, content-based, viewpoint neutral regulations on speech that serve the purposes of the forum. Such regulations are viewpoint neutral and not discriminatory where persons affected are not similarly situated and ample alternate channels of communication are available—in this case, allowing secular invocations under Public Comment before the deliberative portion of the Commission's secular business meeting. Therefore, the County's regulation on speech placing faith-based religious invocations and secular invocations under separate agenda items on the same agenda during a limited public forum is constitutional.

A. <u>The County's Pre-meeting Invocation is an Agenda Item of a County Commission Limited Public Forum at Which Reasonable, Content-Based and Viewpoint Neutral Restrictions on Speech Can Be Established.</u>

In determining whether the government has constitutionally regulated speech, the first step is determining the nature of the forum in which the speaker is trying to speak. The Supreme Court has long held that the "First Amendment does not guarantee access to property simply because it is owned or controlled by the government." *Perry Educ. Ass'n. v. Perry Local Educators' Ass'n,* 460 U.S. 37, 46 n. 7(1983); *Cornelius v. NAACP Legal Def. & Educ. Fund,* 473 U.S. 788 (1985). A traditional public forum is one that has by long tradition or government

1

fiat been devoted to assembly and debate. *Perry,* 460 U.S. at 45. The government must have a compelling interest that is narrowly tailored in order to regulate public forums. *Id.*

In contrast, a limited public forum is not, by tradition or designation, a forum for public communication and the government may impose reasonable regulations on speech in such forums. *Id*. However, forum analysis is not limited to identifying the government property at issue. "When speakers seek general access to public property, the forum encompasses that property.... In cases in which limited access is sought, our cases have taken a more tailored approach to ascertaining the perimeters of a forum within the confines of the government property." *Cornelius,* 473 U.S. at 801.

Federal courts have held that meetings held in the chambers of local government bodies, such as the County Commission, are limited public forums in which the Commission can regulate the time, place, and manner of speech as long as content-based regulations are viewpoint neutral. *Crowder v. Housing Auth. of City of Atlanta,* 990 F.2d 586, 591 (11th Cir.1993), *citing Perry,* 460 U.S. at 46 n. 7; *Cleveland v. City of Cocoa Beach, Florida*, 221 F. App'x 875, 878 (11th Cir. 2007); *Galena v. Leone*, 638 F. 3d 186 (3d Cir. 2011); *Norse v. City of Santa Cruz*, 629 F. 3d 966 (9th Cir. 2010)(entire city council meeting held in public is a limited public forum); *Steinburg v. Chesterfield Cty. Planning Comm'n*, 527 F.3d 377, 385 (4th Cir. 2008) (public meeting is a limited public forum in which government entity is justified in limiting its meeting to discussion of specified agenda items and in imposing reasonable restrictions to preserve civility and decorum).

Consistent with the limited public forum rationale in the forgoing line of cases, a City Council rule restricting the speech of non-residents to items on the Council's business agenda during the public comment agenda item of a city council meeting was upheld as reasonable,

content-based and viewpoint neutral by the Eleventh Circuit Court of Appeals in *Rowe v. City of Cocoa, Fla.,* 358 F.3d 800, 802 (11th Cir. 2004). *Rowe* stands for the proposition that, because meetings of local government governing bodies are limited public forums, local governing bodies are allowed to place reasonable, content-based, viewpoint-neutral restrictions on persons speaking during specific agenda items at their business meetings, thereby making each item on the agenda a limited public forum. *Id.* Moreover, the *Rowe* case upholding restrictions on non-resident speakers, comports with the Supreme Court's holding in *Perry* that in a limited public forum, viewpoint neutral restrictions on speech may extend to the use of the forum based on the identity of the speaker. *Perry*, 460 U.S. 37(1983) (There was no constitutional violation when a school district prohibited the use of teacher mailboxes by any organization other than the duly elected teacher's union representative).

      Interestingly, in *Town of Greece v. Galloway*, the United States Supreme Court necessarily presumed the City Council meeting that the invocation agenda item is a limited public forum, in and of itself, where reasonable time, place and manner restrictions can be established because the Court essentially directed local governments to regulate the invocation agenda item by prohibiting proselytization or disparagement—a content-based restriction. *Town of Greece,* 134 S.Ct. at 1822. Even the Plaintiffs recognize the *Town of Greece* Court's directive that local governing bodies observe and, necessarily, implement such restrictions.[1] *Greece* therefore suggests that each item on the agenda is, itself, a limited public forum where reasonable time, place and manner restrictions can be imposed on speech. The County Commission meetings and agenda items under discussion in this case are, likewise, limited

---

[1] Plaintiffs' Supplemental Summary-Judgment Brief On Their Free-Speech Claim, p. 7

public forums where such time, place and manner restrictions are permissible as long as those restrictions are reasonable, content-based and viewpoint neutral.

The crux of the Free Speech issue before the Court, therefore, is whether the County's rules restricting the invocation agenda item of the limited public forum to faith-based religious prayer and placing secular invocations under Public Comment agenda slot are reasonable, content-based and viewpoint neutral.

- B. <u>The County's Rule Limiting Speech to Faith-Based Religious Prayer During the Agenda Item Is Reasonable:
  1. In Light of the Purposes of the Limited Public Forum and,
  2. In Light of the Alternative Channels of Communication Available During the Limited Public Forum.</u>

The stated purpose of the opening invocation is to acknowledge the role faith-based religion has in the community.[2] The County's restriction on speech in that forum to faith-based religious invocations furthers that purpose while leaving open alternative channels of communication for the Plaintiffs' secular invocations during the secular portion of the meeting. Therefore, the restriction is constitutional.

  1. <u>The County's Restriction on Invocations to Faith-Based Religious Prayers Reasonably Furthers the Ceremonial Purpose of the Invocation Agenda Item, Which Is in Itself, Treated as a Limited Public Forum.</u>

In addition to being viewpoint neutral, regulations on speech in a limited public forum must be reasonable in light of the forum's purpose. *Perry,* 460 U.S. at 41*; Cornelius,* 473 U.S. at 809. In this context, reasonableness "must be assessed in the light of the purpose of the forum and all the surrounding circumstances." *Cornelius,* 473 U.S. at 809. While the restriction must be reasonable, it "need not be the most reasonable or the only reasonable limitation." *Id.,* at 808.

---

[2] Am. Stipulation of Facts, ¶135- ¶137

The traditional pre-meeting invocation agenda item is held during the ceremonial portion of the agenda prior to the Pledge of Allegiance and after resolutions, awards and presentations typically recognizing representatives from community organizations such as championship high school sports teams, County employees, schools, and individuals for their service to the community, to name a few.[3] The Commission-stated ceremonial purpose of the invocation agenda item is limited to the acknowledgement of and interaction with the county's faith-based community—a community that is otherwise very, very rarely mentioned during the subsequent secular business conducted at any Commission meeting.[4]

The Commission's purpose for an invocation comports with the purposes defined in *Town of Greece v. Galloway*, as showing "that prayer in this limited context could coexist with the principles of disestablishment and religious freedom" 134 S.Ct at 1820, *citing Marsh v. Chambers,* 463 U.S. 783, 786 (1983); acknowledging "the central place that religion, and religious institutions, hold in the lives of those present" and striving toward the ideal that "even those who disagree as to religious doctrine may find common ground in the desire to show respect for the divine in all aspects of their lives and being." *Town of Greece,* 134 S. Ct. at 1823, 1827.

The County's regulation restricting the opening invocation to faith-based religious prayer advances these limited ceremonial purposes identified by both the County Commission and the *Town of Greece* Court, as evidenced by the faith-based religious invocations themselves.[5] In contrast, the portfolio of secular invocations in this case do not "show respect for the divine in all aspects" of citizens lives and being,[6] which comes as no surprise since, by definition, secular

---

[3] Am. Stipulation of Facts, ¶35-39, ¶117, ¶198.
[4] Am. Stipulation of Facts, ¶29, ¶137
[5] A 221-252
[6] Am. Stipulation of Facts, ¶228; Defendant's Motion for Summary Judgment Exhibit DW-60.

invocations are not religious prayers that would serve to recognize the religious community.[7] As a result, the County Commission has determined that secular invocations would better serve the main, secular business purpose of the limited public forum if such invocations were delivered before the Commission begins its deliberations on secular business items.[8] A Commission rule setting different times within its limited public forum for the delivery of faith-based invocations and secular invocations is, therefore, eminently reasonable in light of the limited ceremonial purpose of an faith-based invocation and the Commission's determination that secular invocations would be more beneficial preceding the main secular purpose its limited public forum—to consider and decide items of secular county business.

2. <u>The County's Rules on Speech and Speakers during the Invocation Agenda Item are Reasonable Because the Rules Open Alternative Channels of Communication to the Plaintiffs during the Same Limited Public Forum.</u>

A critical fact distinguishing the case at bar from other limited public forum cases cited by Plaintiffs in support of their Free Speech claim is that the Plaintiffs are <u>not</u> denied the opportunity to deliver secular invocations, speak before the Board, or otherwise participate in the meeting. Plaintiffs are only denied access to the ceremonial faith-based invocation agenda item in the limited public forum occurring between the call to order and ceremonial Resolutions, Awards and Presentations. Plaintiffs are afforded access to either of two Public Comment agenda items of the limited public meeting during which they are expressly allowed to deliver secular invocations voicing any of their beliefs, encouragement or insight about their organization.[9] Contrary to Plaintiffs suggestion, they are not denied,[10] not excluded,[11] not barred,[12] and not prohibited[13] from delivering secular invocations or speaking before the County Commission.

---

[7] A 221-252
[8] Plaintiffs' Motion for Summary Judgment Exhibit 53, A705-16.
[9] Am. Stipulation of Facts, ¶139
[10] Plaintiffs' Supplemental Summary-Judgment Brief On Their Free-Speech Claim, p. 2

In determining the reasonableness of regulations on speech in a limited public forum, courts have deemed restrictions to be reasonable if alternative channels of communication are available. *Perry,* 460 U.S. at 53. The more alternative channels there are, the more judicial support there is for the reasonableness of the restrictions. *Id.*, *citing see e.g., Greer v. Spock,* 424 U.S. 828, 839 (1976) (regulations were reasonable because servicemen were free to attend political rallies off the base); *Pell v. Procunier*, 417 U.S. 817, 827-828 (1974) (considered adequate alternative channel of communication to allow prison inmates to communicate with media by mail and through visitors).

In the case at bar, Plaintiffs' Free Speech right to deliver secular invocations before the County Commission is not impinged at all because Plaintiffs can deliver secular invocations during either of the two public comment sections—one before the deliberative business meeting and the other at the end of the meeting—at any regular Commission meeting. Notably, even though virtually all of the benefits afforded invocation speakers are also available to Plaintiffs during Public Comments, *Perry* does not require *equal* alternative channels of communication. *Perry, supra.* (Bulletin boards and U.S. mail provided ample alternative to school mail box system).  In this case, public comment speakers are invited to the podium by the Chairman when it is their turn to speak; speakers are often thanked by the Chairman at the end of their statement; speakers may use their appearances as opportunities for describing their organizations and its activities; and speakers are viewed by those physically present in the audience, on television and on the internet.[14] These are adequate alternative channels of communication because they allow Plaintiffs to communicate their speech to their intended audience.  Therefore, the Commission

---

[11] *Id*. at 2, 3
[12] *Id*. at 2, 7, 9
[13] *Id*. at. 2, 5
[14] Am. Stipulation of Facts, ¶79, ¶131, ¶136, ¶140, ¶245

7

policy limiting the invocation forum to faith-based religious prayer while providing two alternative channels of communication at its limited public meeting forum is reasonable.

    C. <u>Restricting the Invocation Item on the Agenda to Faith-based Religious Prayer is a Valid Content-Based and Identity Restriction, Not Viewpoint Discrimination</u>

The content of religious prayer is, by definition, not nontheistic or secular. The Plaintiffs have indicated they wish to present nontheistic, secular invocations containing exclusively secular content, to the exclusion of religious content.[15] Therefore, Plaintiffs acknowledge that the content of their invocations does not fall within the category of faith-based religious prayer and, as a result, they do not qualify as providers of faith-based religious invocations. Yet, Plaintiffs have the opportunity to deliver secular invocations at any County Commission meeting, though none of the Plaintiffs have attempted to do so.

The Supreme Court has drawn a distinction "between content discrimination, which is permissible if it preserves the purpose of the limited forum, and viewpoint discrimination, which is not permissible if directed at speech otherwise permitted within the forum." *Rosenberger,* 515 U.S. at 830. The common thread in cases where the Supreme Court finds viewpoint discrimination in a limited public forum is the *exclusion* of a particular point of view from the forum, especially the *exclusion* of a religious viewpoint. For example, in *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.,* 508 U.S. 384 (1993), the school district was deemed to have engaged in viewpoint discrimination in violation of the Free Speech Clause of the First Amendment when it *excluded* a private group from presenting films about family values at the school based solely on the films' discussions of family values from a religious perspective. The same viewpoint discrimination was found in *Good News Club v. Milford Cent. Sch.,* 533 U.S. 98 (2001), in which a school district excluded a group from holding Bible lessons at the school

---

[15] A 14, 17, 22-23, 25, 29, 31, 33

because it was religious instruction and not a secular discussion of character development and morals. The Court held that the two are not mutually exclusive and that the school, having opened the forum to the discussion of character and morals, could not then disallow discussions solely because they were from a religious perspective. *Good News Club,* 533 U.S. at 108-109. Similarly, in *Rosenberger v. Rector & Visitors of the Univ. of Va.*, 515 U.S. 819 (1995), a university *refused* to fund a student publication, that was otherwise fundable, solely because it discussed issues from a religious perspective.  In "viewpoint discrimination" cases, it is the allowance of speech by one person or group and the concomitant exclusion of speech of another person or group that otherwise qualifies for the limited public forum solely because of their viewpoint that results in a Free Speech violation.

The viewpoint exclusion element is completely absent in the case at bar.  Quite the contrary, in this case the County Commission does not mandate the exclusion of either religious invocations or secular invocations. Under Commission policy, both types of invocation are allowed at any regular Commission meeting—just at different times on the same agenda.  In fact Article IX, of Resolution 14-219, entitled "Rules of Decorum for Public Comment," in ¶9.2 (d) —rules that existed before any Plaintiff sought an opportunity to deliver a secular invocation— specifically states that: "It is the policy of the Board of County Commissioners to respect minority views as well as differing opinions, conclusions, backgrounds and *beliefs*."[16] Therefore, the Commission rules do not discriminate against the viewpoints of any people or sects seeking to bring their beliefs before the Commission, be they secular or non-secular.

In this case, the County Commission simply considered Plaintiff's request to deliver a secular invocation and determined: "Secular invocations and supplications from any organization

---

[16] Plaintiff's Motion for Summary Judgment Exhibit 33; A581-583; Am. Stipulation of Facts ¶117, ¶139, ¶244

whose precepts, tenets or principles espouse or promote reason, science, environmental factors, nature or ethics as guiding forces, ideologies, and philosophies…fall within the <u>current</u> policies pertaining to Public Comment and must be placed on the Public Comment section of the secular business agenda."[17] The Plaintiffs still have access to and the right to be heard during the limited public forum.  From the County Commission's perspective, the Commission deemed it more timely and related to the main purpose of its limited public forum at Board meetings—to conduct the secular business of the county—if the inspiration provided by secular invocations immediately preceded the Commission's consideration and action upon secular matters involving the application of secular principles such as reason and science.[18] To that end, the separation of religious and secular invocations preserves the limited ceremonial purpose of the invocation agenda item, as well as the principal secular purpose of the limited public forum.  The County rule is, therefore, a reasonable, content-based, identity-based restriction that is viewpoint neutral since the Plaintiffs are afforded the opportunity to deliver a secular invocation during the limited public forum, notwithstanding the secular content of those invocations. *Rowe, supra.*; *Rosenberger,* 515 U.S. at 830.

## Conclusion

For the foregoing reasons, the County respectfully requests this Honorable Court find that, under the Free Speech clause, the County's policy separating religious prayer and secular invocations on the agenda is constitutional as a reasonable, content-based and viewpoint neutral restriction that further the purposes of its limited public forum at regular Commission meetings.

---

[17] Id. ¶139
[18] Am. Stipulation of Facts, ¶139, ¶245

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that on April 17, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and served on all parties using the CM/ECF system.

                                      *s/Scott L. Knox*
                                      Scott L. Knox, Trial Counsel
                                      Florida Bar No. 211291
                                      OFFICE OF THE COUNTY ATTORNEY
                                      2725 Judge Fran Jamieson Way
                                      Viera, FL 32940
                                      Phone: 321.633.2090
                                      Facsimile: 321.633.2096
                                      scott.knox@brevardcounty