UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID WILLIAMSON, CHASE HANSEL, KEITH BECHER, RONALD GORDON, JEFFERY KOEBERL, CENTRAL FLORIDA FREETHOUGHT COMMUNITY, SPACE COAST FREETHOUGHT ASSOCIATION, and HUMANIST COMMUNITY OF THE SPACE COAST,

    Plaintiffs,

v.

BREVARD COUNTY,

    Defendant.

Case No. 6:15-cv-1098-Orl-28DCI

PLAINTIFFS' SUPPLEMENTAL SUMMARY-JUDGMENT REPLY BRIEF
ON THEIR FREE-SPEECH CLAIM

## I. The County does not respond to the plaintiffs' arguments.

The plaintiffs explained that the County's invocation practice violates the Free Speech Clause for two reasons. First, the Clause prohibits public officials from conditioning participation in governmental activities on a person's beliefs or affiliations. The County does exactly that by permitting people to open its meetings only if they hold theistic beliefs that the County deems palatable. Second, *Town of Greece v. Galloway*, 134 S. Ct. 1811, 1822 (2014), relied partly on free-speech principles in concluding that government must permit invocation-speakers to present opening messages that reflect their beliefs. Yet County officials "act as supervisors and censors of religious speech" (*id.*) by permitting only theistic solemnizing messages. The County's supplemental brief does not address, much less refute, these points. Indeed, the County admits (at 10) that its "rule" prohibiting nontheistic opening invocations is an "identity-based restriction."

## II. The opening invocation is not a limited public forum.

The County also does not respond to the plaintiffs' argument that the opening invocation is not a limited public forum because the speakers are selected by invitation and the speech permitted is highly circumscribed. *See* Pls.' Suppl. Br. 8; *see also Crowder v. Hous. Auth.*, 990 F.2d 586, 591 (11th Cir. 1993) ("selective access does not transform government property into a public forum" (citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 47 (1983))). None of the cases cited on page 2 of the County's brief applies the rules of a limited public forum to a segment of a municipal meeting under such circumstances, much less to the opening invocation specifically. To the extent that the cases treat the entirety of a meeting as a limited public forum, they do so only

with respect to what audience members may display or what gestures they may make in the meeting room.  *See Norse v. City of Santa Cruz*, 629 F.3d 966, 975–76 (9th Cir. 2010); *Cleveland v. City of Cocoa Beach*, 221 F. App'x 875, 878–79 (11th Cir. 2007).

The County argues (at 3) that *Greece* "necessarily presumed" that the "invocation agenda item is a limited public forum."  But the Court could have easily said so if it thought that; it didn't.  On the contrary, *Greece*'s directive that government must not permit proselytizing invocations (134 S. Ct. at 1823) appears inconsistent with the County's theory that the opening invocation is a limited public forum.  Though the matter is not free from doubt, most circuits that have considered the question have concluded that excluding speech from a forum based on its proselytizing nature is impermissible viewpoint discrimination.  *See Morgan v. Swanson*, 659 F.3d 359, 412 n.28 (5th Cir. 2011) (portion of opinion of Elrod, J., joined by majority of en banc court); *Child Evangelism Fellowship v. Montgomery Cty. Pub. Sch.*, 373 F.3d 589, 594 (4th Cir. 2004); *Amandola v. Town of Babylon*, 251 F.3d 339, 344 (2d Cir. 2001); *Doe v. Santa Fe Indep. Sch. Dist.*, 168 F.3d 806, 821 & n.12 (5th Cir. 1999), *aff'd,* 530 U.S. 290 (2000); *but see Hills v. Scottsdale Unified Sch. Dist. No. 48*, 329 F.3d 1044, 1052–53 (9th Cir. 2003).

### III. If the opening invocation were a limited public forum, the County would still be violating the Free Speech Clause.

Even if the County's opening invocation were a limited public forum, that would not save the County's practice.  Far from it:  Discrimination against speech based on its nontheistic message in a limited public forum is unconstitutional viewpoint discrimination.  *See Rosenberger v. Rector & Visitors*, 515 U.S. 819, 831 (1995); *Ne. Pa. Freethought Soc'y v. Cty. of Lackawanna Transit Sys.*, 158 F. Supp. 3d 247, 255 (M.D. Pa. 2016).  The County

cannot circumvent this prohibition by defining the forum as one reserved for "faith-based religious prayer" (Cty. Suppl. Br. 5), because government is forbidden to draw the "boundaries" of a limited public forum in a manner that discriminates "'on the basis of [] viewpoint.'" *Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 685 (2010) (quoting *Rosenberger*, 515 U.S. at 829). Indeed, in the leading Supreme Court cases prohibiting discrimination against religious speech, the forums were defined as excluding such speech. *See Good News Club v. Milford Cent. Sch.*, 533 U.S. 98, 103 (2001); *Rosenberger*, 515 U.S. at 825; *Lamb's Chapel v. Ctr. Moriches Union Free Sch. Dist.*, 508 U.S. 384, 387 (1993).

Finally, the County contends (at 7) that permitting secular invocations during public comment is an "adequate alternative channel[] of communication." But providing alternative channels of communication cannot justify excluding a speaker from a forum based on viewpoint. *See Martinez*, 561 U.S. at 690; *Galena v. Leone*, 638 F.3d 186, 199 (3d Cir. 2011); *Cocoa Beach*, 221 F. App'x at 878. In any event, the alternative speaking opportunity is not adequate—and it is far from equal. *See* Pls.' Summ. J. Opp'n 7–8; Am Stipulation of Facts ¶¶ 64–71, 77, 79, 136, 142–47. Among other disparities, nontheists are prohibited from performing the very function of an opening invocation—solemnizing the meetings. *See Greece*, 134 S. Ct. at 1823. Theistic invocations are allowed during public comment too. Stipulation ¶ 148. And, contrary to what the County suggests (at 5), the "faith-based community" is occasionally recognized after the invocation; for example, the Board has passed resolutions declaring days of prayer and honoring particular churches and ministers. *See* A1274–85 (filed herewith). Relegating nontheists to a separate segment of the meetings only highlights the unconstitutionality of the County's practice.

3

Respectfully submitted,

By: /s/ Alex J. Luchenitser                     Date: April 28, 2017
      Alex J. Luchenitser (Trial Counsel)

Alex J. Luchenitser (Trial Counsel)\*
Bradley Girard\*
Americans United for Separation of Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
Tel.: 202-466-7306 / Fax: 202-466-3353
luchenitser@au.org / girard@au.org

Nancy G. Abudu (Florida Bar #111881)
Daniel B. Tilley (Florida Bar #102882)
ACLU of Florida
4343 W. Flagler St., Suite 400
Miami, FL 33134
Tel.: 786-363-2707 / Fax: 786-363-1108
nabudu@aclufl.org / dtilley@aclufl.org

Rebecca S. Markert\*
Andrew L. Seidel\*
Freedom From Religion Foundation, Inc.
304 W. Washington Ave.
Madison, WI 53703
Tel.: 608-256-8900 / Fax: 608-204-0422
rmarkert@ffrf.org / aseidel@ffrg.org

Daniel Mach\*
ACLU Program on Freedom of Religion and Belief
915 15th Street NW
Washington, DC 20005
Tel.: 202-548-6604 / Fax: 202-546-0738
dmach@aclu.org

\*Appearing *pro hac vice*.

## CERTIFICATE OF SERVICE

I certify that on April 28, 2017, I electronically filed this document by using CM/ECF, which automatically serves all counsel of record for the defendant.

By: /s/ Alex J. Luchenitser                  Date: April 28, 2017
      Alex J. Luchenitser (Trial Counsel)

Alex J. Luchenitser (Trial Counsel)*
Americans United for Separation of Church and State
1310 L Street NW, Suite 200
Washington, DC 20005
Tel.: 202-466-7306
Fax: 202-466-3353
luchenitser@au.org
*Appearing *pro hac vice*.