UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID WILLIAMSON, CHASE HANSEL, KEITH BECHER, RONALD GORDON, JEFFERY KOEBERL, CENTRAL FLORIDA FREETHOUGHT COMMUNITY, SPACE COAST FREETHOUGHT ASSOCIATION, and HUMANIST COMMUNITY OF THE SPACE COAST,

    Plaintiffs,

v.

BREVARD COUNTY,

    Defendant.

Case No. 6:15-cv-1098-Orl-28DCI

### Final Judgment

Pursuant to the reasoning set forth in the Order filed on September 30, 2017 in this case (Doc. No. 105, henceforth "Order"), final judgment is hereby entered:

1. In favor of plaintiffs David Williamson, Chase Hansel, Keith Becher, Ronald Gordon, Jeffery Koeberl, Central Florida Freethought Community, Space Coast Freethought Association, and Humanist Community of the Space Coast (collectively, "Plaintiffs") on their first claim for relief, except for the coercion claim, on which final judgment is entered in favor of defendant Brevard County ("the County").

2. In favor of Plaintiffs on their second, third, fourth, and fifth claims for relief.

3. In favor of Plaintiffs on their sixth claim for relief, except for the coercion claim and the "no-aid" claim, on which final judgment is entered in favor of the County.

4. Pursuant to 28 U.S.C. § 2201 and Fla. Stat. § 86.021, the Court hereby issues a declaratory judgment that the County's policy and practice of selecting opening invocation speakers violates the Establishment, Free Exercise, Free Speech, and Equal Protection Clauses of the U.S. Constitution and the Establishment and Equal Protection Clauses of the Florida Constitution because it discriminates against nontheists (atheists, agnostics, Humanists, and others who do not believe in God).

5. The Court hereby finds that:

    a. "[T]he Supreme Court and other courts have recognized atheism and Humanism as religions entitled to First Amendment protection." Order at 34-35.

    b. "The County's assertion that a pre-meeting, solemnizing invocation necessarily requires that a 'higher power' be invoked is an overly narrow view of an invocation." Order at 35.

    c. The County "limits the prayer opportunity to those it 'deems capable' of doing so — based on the beliefs of the would-be prayer giver." Order at 28. In so doing, "the County discriminates among invocation speakers on the basis of viewpoint." Order at 45.

    d. "[T]he County's invocation practice runs afoul of the principles set forth in *Marsh* [*v. Chambers*, 463 U.S. 783 (1983)], *Town of Greece* [*v. Galloway*, 134 S. Ct. 1811 (2014)], and *Pelphrey* [*v. Cobb County*, 547 F.3d 1263 (11th Cir. 2008)]. It reveals 'impermissible motive' in the selection of invocation givers . . . and reflects 'a

policy of []discrimination' . . . as well as 'purposeful discrimination' and 'categorical[] exclusion' of certain potential invocation givers." Order at 34 (citations omitted).

6. Based on the foregoing, the Court hereby issues a permanent injunction:

    a. prohibiting the County from continuing the unconstitutional invocation practices set forth in Brevard County Board of County Commissioners ("Board") Resolution 2015-101. Specifically, the County may not:

        (i) require theistic content in opening invocations; or

        (ii) "impose[] a categorical ban on Plaintiffs and other nontheists as givers of opening invocations at its Board meetings" (Order at 34) or otherwise discriminate against Plaintiffs or other nontheists in selecting speakers to deliver opening invocations at Board meetings.

    b. mandating that, if the County continues opening its Board meetings with invocations, its invocation practices and any new invocation policy that it may adopt shall:

        (i) conform with the principles set forth in this Final Judgment;

        (ii) provide the Individual Plaintiffs (David Williamson, Chase Hansel, Keith Becher, Ronald Gordon, and Jeffery Koeberl) and representatives of the Organizational Plaintiffs (Central Florida Freethought Community, Space Coast Freethought Association, and Humanist Community of the Space Coast) with opportunities to deliver secular opening invocations at Board meetings

3

on a schedule that is equivalent to that afforded to individuals and organizational representatives delivering religious opening invocations; and

(iii) ensure that each of the Individual Plaintiffs receives a reasonable opportunity to deliver an opening invocation at a Board meeting within fifteen months of the later of (1) the date of entry of this Final Judgment; or (2) if the Board temporarily refrains from opening its meetings with invocations starting with the date of entry of this Final Judgment, the date upon which the Board resumes opening its meetings with invocations. After each Individual Plaintiff delivers his initial opening invocation, however, nothing in this Final Judgment shall be construed to require the County to schedule him to deliver opening invocations every fifteen months; instead, the schedule for any subsequent opening invocation by any Plaintiff shall be set in accordance with subsection 6(b)(ii) above.

7. The Court hereby incorporates into this Judgment the parties' Mediation Partial Settlement Agreement dated April 6, 2016 and filed November 13, 2017 (Doc. No. 112-2) and specifically orders as follows:

a. The County shall pay Plaintiffs as compensatory damages the total sum of $60,000.00, to be divided among Plaintiffs in accordance with an agreement among them.

b. The County shall make the $60,000 payment plus any accruable post-judgment interest to Plaintiffs' counsel, Americans United for Separation of Church and State (or to such other of the plaintiffs' counsel as the plaintiffs may designate),

via a lump-sum certified check, cashier's check, or wire transfer, within thirty days of entry of judgment in this case or issuance of the mandate by the highest reviewing appellate court, whichever is later.

  c. This judgment does not resolve the issue of attorney's fees and costs. In accordance with the parties' agreement and the Court's separate order dated October 6, 2017 (Doc. No. 107), the deadline for Plaintiffs to file a motion or petition for attorney's fees, taxable costs, and non-taxable expenses shall be sixty days after the date of entry of judgment.

8. The Court retains jurisdiction to enforce (if necessary) this judgment.

IT IS SO ORDERED AND ADJUDGED.

By: _____  Date: November 29, 2017
  John Antoon II
  United States District Judge