```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                      ORLANDO DIVISION

             Docket No. 6:15-cv-1098-Orl-28DAB

. . . . . . . . . . . . . . . .
DAVID WILLIAMSON, et al      :
                             :          Orlando, Florida
            Plaintiffs       :          August 24, 2016
                             :          10:00 a.m.
                 v.          :
                             :
BREVARD COUNTY               :
                             :
            Defendant        :
. . . . . . . . . . . . . . . .


      TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
         BEFORE THE HONORABLE JOHN ANTOON II
               UNITED STATES DISTRICT JUDGE


APPEARANCES:


For the Plaintiff: Alex J. Luchenitser


For the Defendant: Scott L. Knox



Court Reporter:     Sandra K. Tremel, RMR/CRR
                    sandy.tremel@gmail.com
```

Proceedings recorded by mechanical stenography, transcript produced by computer-aided transcription.

```
 1                    P R O C E E D I N G S
 2            THE DEPUTY CLERK:  In the matter of case of David
 3   Williamson, Chase Hansel, Keith Becher, Ronald Gordon,
 4   Jeffrey Koeberl, Central Florida Freethought Community,
 5   Space Coast Freethought Association and Humanist Community
 6   of the Space Coast vs. Brevard County.  Case number 6:15
 7   civil 1098 Orlando 28 DAB.
 8            Will counsel please state your name for the
 9   record.
10            MR. LUCHENITSER:  Yes.  This is Alex Luchenitser
11   for plaintiffs and also for plaintiffs we have Bradley
12   Girard, Rebecca Markert, Andrew Seidel and Nancy Abudu.  We
13   have also have plaintiff David Williamson listening in.
14            MR. KNOX:  For defendant we have Scott Knox, Diane
15   Yuan and Cristina Berrios.
16            THE COURT:  Okay.  Well, thank you for being
17   available.  I'm sorry that we our first date didn't work
18   out, but it was on short notice.
19            I have been watching this case as we've gone along
20   with the different deadlines and it's now time to get to
21   work on it, at least from my perspective.  You all have done
22   an excellent job of identifying the issues and explaining
23   them to me, but I wanted to ask some questions of you before
24   we go on.
25            First of all, I want to know if there are any
```

1  factual disputes that would require the use of a jury other
2  than damages.
3              MR. LUCHENITSER:  Your Honor, this is Alexander
4  Luchenitser.  The parties have reached a partial settlement
5  on the issue of damages.  So parties have agreed that no
6  jury trial will be required.
7              THE COURT:  So no jury trial on any issue?
8              MR. LUCHENITSER:  That's correct.
9              THE COURT:  Okay.
10             MR. KNOX:  This is Scott Knox.  I'll confirm that
11 we have reached a settlement on the damage issue should the
12 Court determine there's liability.
13             THE COURT:  Okay.
14             MR. LUCHENITSER:  That's correct.
15             THE COURT:  So -- and the question of liability,
16 as you use that term, really is a question of law.
17             MR. KNOX:  Yes, sir.
18             MR. LUCHENITSER:  That's right.
19             THE COURT:  Not a question of law, questions of
20 law I should say.
21             Okay.  Well, that's a big issue out of the way and
22 it makes this case, of course, much easier to handle.
23             What we need to do, I think, is give you an
24 opportunity to be heard on your motions for summary
25 judgment, although as I said, they are clear.  I am sure you

```
 1  and your clients want to make oral argument, and I would
 2  like that as well.
 3          So I will set a day aside and we'll -- not that
 4  I'll give you the entire day -- but I'll give you generous
 5  time to make your arguments.
 6          And really my ruling on the motions for summary
 7  judgment would be dispositive.  Is that your understanding?
 8          MR. KNOX:  I believe that's the case.  This is
 9   Scott Knox.
10          MR. LUCHENITSER:  Yes, Your Honor.  This is Alex
11  Luchenitser.  We don't believe there are any disputes of
12  the material side, so we believe this is a case that can be
13  decided on the summary judgment motions.
14          THE COURT:  Okay.  Mr. Knox, do you have -- this
15  isn't argument, but I did want to ask a couple questions.
16  If you would -- if you would look and tell me whether the
17  plaintiffs fairly summarize your position on pages 2 and 3
18  of their response to your motion for summary judgment.
19          MR. KNOX:  Let me take a look, Your Honor.  Let me
20  get my hands on it, Your Honor.  I don't have it in front
21  of me right now.
22          MR. LUCHENITSER:  Mr. Knox, would you like me to
23  e-mail it to you in case you're having trouble?
24          MR. KNOX:  I'm having difficulty finding the file.
25          THE COURT:  That's okay.  Let me ask you this
```

```
 1    question instead.  I notice that in your motion, Mr. Knox,
 2    you're kind of lean on facts, but the plaintiffs in their
 3    description of the facts are more complete.  That's on
 4    page 3 through 13 of its motion for summary judgment.  Do
 5    you take issue with any -- I guess you don't take any issue
 6    with any of those facts.  I guess you've already answered
 7    the question.  Okay.
 8              Let me see what I have in the way of time here for
 9    argument.  This is kind of short notice for you.  How about
10    next Thursday?
11              MR. LUCHENITSER:  Your Honor, let me ask you, are
12    all -- this is Alex Luchenitser.  All the deadlines still
13    in place for the pretrial statement in the pretrial briefs
14    and proposed findings of fact or is that all -- is that
15    all --
16              THE COURT:  You've got you're proposed facts.
17    There are no factual issues.  There's no jury instructions.
18    I don't see any need for any of those deadlines.  I think
19    we just, at this point based on what you told me this
20    morning, we proceed to summary judgment.  Am I incorrect on
21    that?
22              MR. LUCHENITSER:  No.  Actually, Your Honor --
23    this is Alex.  Next week is fine with me.  We just want to
24    make sure we -- all deadlines were in place that come first
25    under the --
```

```
 1              THE COURT:  No.  You're relieved from all other
 2   deadlines.  You've satisfied the deadline for motions of
 3   summary judgment and I this morning understand that those
 4   motions are dispositive as to all issues except damages and
 5   you worked that out without contingencies beyond the
 6   finding of the -- finding for the plaintiffs.  Right?
 7              MR. LUCHENITSER:  Yes.  Yes.  I mean that is -- we
 8   can do that.  We can do next Thursday.
 9              THE COURT:  How about you, Mr. Knox?  Wait a
10   minute.  I'm in Fort Myers?
11              THE DEPUTY CLERK:  You go to Fort Myers on the
12   8th.  That's when you start.
13              THE COURT:  So we're talking about September 1st.
14              THE DEPUTY CLERK:  You just have a board meeting
15   at lunch.
16              THE COURT:  Mr. Knox, is that okay with you?
17              MR. KNOX:  On the 1st, yes, sir.
18              THE COURT:  All right.  We will see you then.  Why
19   don't we start at 10:00.  And how long do you want to
20   argue?
21              MR. LUCHENITSER:  Your Honor --
22              THE COURT:  Mr -- Mr. Luchenister.  Say your name
23   again.
24              MR. LUCHENITSER:  Alex Luchenister.
25              THE COURT:  I should know that I've.  I think you
```

```
 1    spoke over here one day and I should know that.
 2              MR. LUCHENITSER:  Your Honor, it really depends on
 3    how many questions you have.  We're happy to just for a
 4    presentation without questions, probably be about 15 to 30
 5    minutes.  Depending how many questions you have, it could
 6    be an hour.
 7              THE COURT:  Okay.
 8              MR. LUCHENITSER:  Just really up to you.
 9              THE COURT:  Okay.  You agree, Mr. Knox?
10              MR. KNOX:  I would say probably half that.  Hour
11    would be sufficient.
12              THE COURT:  Okay.
13              MR. KNOX:  Again --
14              THE COURT:  Let's do it at 10:00.  That's a
15    civilized hour, I think.
16              MR. KNOX:  Okay.
17              MR. LUCHENITSER:  You said at 10:00 or 9:00?
18              THE COURT:  10.
19              MR. LUCHENITSER:  10.  Sounds like we might go
20    around noon or 1.
21              THE COURT:  Yeah.  If we need to go longer,
22    I'll -- I think I have something at the lunch hour, but we
23    could come back after lunch if we needed to.  I don't think
24    we will.
25              MR. LUCHENITSER:  Okay.  So Thursday September 1st
```

```
 1  at 10 a.m..
 2          THE COURT:  Right.  Anything else I can help you
 3  with?
 4          MR. KNOX:  I think that will do.
 5          MR. LUCHENITSER:  No, Your Honor.
 6          THE COURT:  I'll have the minutes reflect that all
 7  other deadlines are suspended so you all can relax.
 8          MR. KNOX:  Okay.  Thank you, Your Honor.
 9          MR. LUCHENITSER:  Thank you, Your Honor, very
10  much.
11          THE COURT:  Okay.  Have a great day.
12          MR. LUCHENITSER:  You too.
13          MR. KNOX:  Bye bye.
14      (telephonic hearing ended at 10:14 a.m.)
15              C E R T I F I C A T E
16      I certify that the foregoing is a correct transcript
17  from the record of proceedings in the above-entitled matter.
18
19   s\Sandra K. Tremel                    January 21,2018
20
21
22
23
24
25
```