```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                          ORLANDO DIVISION


- - - - - - - - - - - - - - - - - X
 DAVID WILLIAMSON, CHASE          :
 HANSEL, KEITH BECHER, RONALD     :
 GORDON, JEFFERY KOEBERL,         :  Case No.:
 CENTRAL FLORIDA FREETHOUGHT      :  6:15-cv-1098-Orl-28DCI
 COMMUNITY, SPACE COAST           :
 FREETHOUGHT ASSOCIATION, and     :
 HUMANIST COMMUNITY OF THE        :  Orlando, Florida
 SPACE COAST,                     :  March 15, 2017
                                  :  9:32 a.m.
         Plaintiff,               :
                                  :
 vs.                              :
                                  :
 BREVARD COUNTY                   :
                                  :
         Defendant.               :
- - - - - - - - - - - - - - - - - X

           TRANSCRIPT OF TELEPHONIC STATUS CONFERENCE
              BEFORE THE HONORABLE JOHN ANTOON II
                  UNITED STATES DISTRICT JUDGE


APPEARANCES:

  Counsel for Plaintiff:       Alex J. Luchenitser
   (Via Telephone)             Bradley Girard
                               Nancy Abudu

  Counsel for Defendant:       Cristina Berrios
   (Via Telephone)             Scott Knox
                               Diana E. Yuan


Proceedings recorded by mechanical stenography.
Transcript produced by computer-aided transcription.


Court Reporter:   Suzanne L. Trimble, CCR, CRR, RPR
                  Federal Official Court Reporter
                  401 West Central Boulevard, Suite 4600
                  Orlando, Florida 32801
                  e-mail: trimblecourtreporter@gmail.com
```

```
1                P R O C E E D I N G S
2           THE COURTROOM DEPUTY:  This is in the matter of
3  David Williamson, Chase Hansel, Keith Becher, Ronald Gordon,
4  Jeffery Koeberl, Central Florida Freethought Community, Space
5  Coast Freethought Association, Humanist Community of the Space
6  Coast v. Brevard County, Case
7  No. 6:15-civil-1098-Orlando-28DAB.
8           Will counsel please state your name for the record?
9           MR. LUCHENITSER:  Yes.  This is Alex Luchenitser
10 with Americans United for the plaintiffs, and we also have
11 Bradley Girard of Americans United for the plaintiffs and
12 Nancy Abudu of ACLU Florida for the plaintiffs, and we have
13 listening in one of the plaintiffs himself, Mr. David
14 Williamson.
15          MR. KNOX:  This is Scott Knox for Brevard County.
16 We also have Diana Yuan with the Brevard County Attorney's
17 Office and Cristina Berrios who is also with the county's
18 attorney's office.
19          THE COURT:  Well, thank you for accommodating me.
20 This is John Antoon.  And who did you say was from the ACLU
21 with you, Mr. Luchenitser?
22          MR. LUCHENITSER:  It's Nancy Abudu.
23          THE COURT:  How do you spell her name?
24          MR. LUCHENITSER:  A-b-u-d-u.
25          THE COURT:  Okay.  Well, glad to have her.  I know
```

you expected to hear from me before now, and I expected that you would as well, but you haven't. And part of the reason that you haven't is that I've been watching the proceedings in the appellate courts carefully, specifically in the Fourth Circuit and the Sixth Circuit the *Lund* case and *Bormuth* case, both cited and referred to in your argument, and, as you know, it looks like they're now on the way to en banc consideration.

I was watching those cases, of course, because you all thought they were important, and I did too, and I thought they would add some clarity to the issues for my purposes.

Let me ask Mr. Luchenitser. I assume you follow these cases very carefully. Do you have any way of anticipating when these rulings will be forthcoming?

MR. LUCHENITSER: I'll give you the best information I have, Your Honor. The Fourth Circuit case, the *Lund* case, is being argued en banc on March 22nd. The Sixth Circuit case, the *Bormuth* case, is being argued in June, on June 14th.

As for how long after that it might take the courts to decide, sometimes it takes the appellate court up to a year after argument to issue an en banc decision. It could be a few months. It could be about a year after the argument.

So if Your Honor is looking for feedback on whether to continue to wait for those decisions, I would discourage Your Honor from waiting that long because Your Honor could be waiting for a very long time.

Also, if I could have just a few minutes to address the issue of whether or not you should defer or wait, I can tell you some -- give you some more thoughts.

So both cases present one of the issues that's raised in this case, which is the issue of the request, the directive to rise for the prayers, but neither case presents what we think is the core issue of the case, which is the facially discriminatory policy against atheists and humanists.

In both the -- in both the Fourth and Sixth Circuit cases you have a policy that's not really facially discriminatory, but have an effect and at least arguably a purpose of favoring Christians. So it's related, but it's not really the same issue that we have here.

And also these -- you know, these cases are not in the same circuit, so they don't control. They're not going to be controlling precedent. Let me see.

With the *Bormuth* case in particular, there's also a significant risk that the en banc decision will not produce a majority decision. There are some procedural problems in that case that could lead to a remand by the en banc court because the litigant is pro se, and there's some issues about what's properly in the record, and there's a mootness issue.

And there's also a risk that, at least in *Bormuth,* that the Court could split evenly seven to seven. When the case was taken en banc, there were 15 judges in the Court,

1  which means at least eight voted for en banc hearing. But I
2  believe that as the case went en banc, one of the judges took
3  senior status. So there are now 14 left. So if they had
4  eight before who voted en banc hearing, there might only be
5  seven who -- seven left who would vote for reversal.
6          The only concern we have about Your Honor waiting
7  for these two decisions is if you wait for en banc courts,
8  then you also might be tempted to see if the case goes up to
9  the Supreme Court, which, you know, if it takes six months to
10 a year for the en banc court to decide, then it's 90 more days
11 for a deadline for a cert petition, which can be extended
12 60 days and then 30 days to respond, which can be extended 30
13 or 60 more days.
14         So if you play it all out, if these two cases result
15 in opposing -- in decisions that conflict and if the Supreme
16 Court takes them, you might not get a decision until possibly
17 some time in 2019 or as late as June 2020, if you look at the
18 calendar.
19         And Mr. Girard just e-mailed me to let me know that
20 in *Bormuth* the panel took ten months to issue its decision.
21         One other point I have is that in an en banc
22 situation you're more likely to also get a fractured opinion
23 where nobody -- you know, there's no majority opinion. It's
24 just some sort of fractured opinion with multiple opinions.
25         So for all of those reasons we would discourage Your

1  Honor from waiting to see how these cases are decided.  Your
2  Honor is certainly free to, you know, read all of the majority
3  opinions and dissents that have come out in the two cases so
4  far, and I think that gives Your Honor a pretty good idea of
5  what kind of views judges might have on those issues, but in
6  terms of, you know, which views prevail in which circuit, it's
7  not going to be controlling in this Court.  It might not be --
8  you know, whatever these majority opinions say, if there are
9  any, it might not be that different from what Your Honor has
10 already seen in some of these panel opinion and dissents.
11         THE COURT:  Okay.  Thank you, Mr. Luchenitser.
12 That's helpful.
13         Mr. Knox, do you wish to be heard?
14         MR. KNOX:  Yes, sir, Your Honor.  It's our view that
15 we have two cases that are now in circuit court fields both
16 heading in ironically opposite directions on the lower court
17 to the circuit courts, and at this point in time I don't
18 really know what the law is going to be when it comes -- when
19 this whole process has been resolved.
20         I think Your Honor is wise in sitting back and
21 seeing that they're actually going to resolve one way or the
22 other.  It's very possible you could come up with a split in
23 two circuits.  It's also very possible you could also come up
24 with unanimity in the two circuits.  At this point no one
25 knows.

1 And it seems to me that adding a third possibility
2 to that could -- of this particular case, if you decide the
3 case, I'm sure it's going to get appealed one way or the
4 other, and that will just add more uncertainty to the whole
5 issue until these two courts have resolved it.
6 THE COURT: Yeah.
7 MR. KNOX: Then again, if the two come to different
8 conclusions, it may also end up in the Supreme Court, which,
9 again, is an issue that will be decided eventually by
10 Congress, I guess.
11 THE COURT: What those courts say might be helpful,
12 but the issues are not -- they're not exactly the same.
13 MR. KNOX: Well, they're not exactly the same, Your
14 Honor. I agree. I mean, in our case there was no -- the
15 commissioners were not the ones responsible for giving the
16 prayers.
17 THE COURT: Not all the time. Sometimes they were.
18 MR. KNOX: Well, once in a while they were, but not
19 very often.
20 THE COURT: Yeah.
21 MR. KNOX: Unlike the other two cases where they
22 exclusive -- done exclusively that way.
23 THE COURT: That really goes to the coercion
24 question, I guess.
25 MR. KNOX: Yeah. And I think the facts of coercion

1 in both of the other two cases are far more compelling than
2 this case.
3   THE COURT: Yeah.
4   MR. KNOX: In any event, the issues are slightly
5 different. I would agree with that. The issue of
6 discrimination I don't think is an issue in our case, but
7 that's, you know, up to the Court to decide.
8   But I certainly don't have any objection. If you
9 want to wait, it's entirely up to you.
10   THE COURT: Well, I don't like having late cases,
11 and I don't recall having late cases that have ever been my
12 fault. Sometimes cases come back on remand, and occasionally
13 I get cases from other judges late, and I don't get right on
14 them because I've got other pressing matters. But this one is
15 my fault, and it will be reported as late, I guess.
16   I have -- and I do think I could use your help on
17 one of the other issues, after I got back and started working
18 on this case before I became concerned about *Lund* and *Bormuth*,
19 and that is the free speech issue and the -- it's a discrete
20 issue outside of the establishment clause question, and I
21 think I could have used a little extra briefing on that, and
22 maybe I would ask you to help me out with that and give me a
23 short memo on the free speech question.
24   I think the other issue is more compelling under the
25 current landscape, and perhaps that's why it wasn't treated

1   more thoroughly, but -- given my unreasonable page limit, huh?
2   If I give you more pages, would you --
3             MR. KNOX:  Excuse me, Your Honor.  I'm recovering
4   from the flu.  If I cough, it's not because --
5             THE COURT:  Would you mind giving me a supplemental
6   briefing on that question?
7             MR. KNOX:  Are you asking that for both parties or
8   just for me?
9             THE COURT:  Yeah.  In sequence, Mr. Luchenitser
10  first, and then you.
11            MR. LUCHENITSER:  Sure, Your Honor.  This is
12  Mr. Luchenitser.  We would be happy to provide supplemental
13  briefing.  Could Your Honor give any more details about what,
14  what exactly your specific questions on this --
15            THE COURT:  Well, how the issue -- how the free
16  speech clause applies to this context and what authority there
17  is, if any, regarding the free speech component of your case.
18  I mean, it --
19            MR. LUCHENITSER:  It would be --
20            THE COURT:  It is a discrete issue, isn't it?
21            MR. LUCHENITSER:  Yes, yes.  We would be happy to
22  provide a supplemental --
23            THE COURT:  Unless you want to forego that and just
24  go on the establishment clause question.
25            MR. LUCHENITSER:  No.  We want to certainly preserve

1 all of our claims. We're happy to provide some supplemental
2 briefing on the free speech claims.
3     It will probably be mostly citing mostly the same
4 cases we already cited, but maybe providing more detail about
5 them and maybe citing a few more other cases.
6     Is there a page limit or a timetable Your Honor has
7 in mind?
8     THE COURT: How many pages do you want?
9     MR. LUCHENITSER: Probably shouldn't take more than
10 5 to 10 pages, I don't think.
11     THE COURT: Okay. Ten pages, that's fine. Is that
12 all right with you, Mr. Knox?
13     MR. KNOX: That's fine with me, Judge.
14     THE COURT: When do you want to do it?
15     MR. KNOX: Do you want to do it sequentially? Do
16 you want to do it together? How would you like that done?
17     THE COURT: No. I would like them sequentially. I
18 would like you to respond to his arguments, Mr. Knox.
19     MR. KNOX: Okay.
20     MR. LUCHENITSER: Okay. So Your Honor wants the
21 plaintiffs to go first and then the defendants. Do the
22 plaintiffs get a reply brief to the county's supplemental
23 response?
24     THE COURT: If you think you need one, that will be
25 probably three pages.

1  MR. LUCHENITSER: Okay. Sure. We could -- I mean,
2  certainly if the county says something we think calls for a
3  reply, we would be happy to take a -- take a reply brief.
4       So let's see. I guess in terms of timetable --
5  let's see. Today is the 15th. Does March 31st sound good for
6  our supplemental brief?
7       THE COURT: Yeah. That's fine.
8       MR. LUCHENITSER: Brad, is that any -- Brad, you can
9  yell at me if you have a concern about that.
10      MR. GIRARD: I think that works.
11      MR. LUCHENITSER: Okay.
12      THE COURT: Response in 15 days, is that all right,
13 Mr. Knox?
14      MR. KNOX: That would be fine, Your Honor.
15      MR. LUCHENITSER: And reply briefs, if there is
16 one -- so the response is due 15 days, so that would fall on
17 to Monday, April 17th.
18      THE COURT: And you may see on the docket that this
19 case is administratively closed until you get those things to
20 me, but don't pay any attention to that.
21      MR. LUCHENITSER: Okay. So then what about
22 April 28th for reply brief?
23      THE COURT: Yes.
24      MR. LUCHENITSER: Okay. All right. And, Your
25 Honor, I did have a question about the local rules. There's a

1  Rule 3.01(h) that provides that if a dispositive motion isn't
2  decided for 180 days from the filing of the -- I guess,
3  responsive filing, each party is supposed to file a notice to
4  the court and also copy the chief judge.
5      So does -- given the supplemental briefing you're
6  ordering, does that 180 days start ticking from the conclusion
7  of that supplemental briefing, or how does that --
8      THE COURT:  Yeah, I think so.  I think so.
9      MR. LUCHENITSER:  Okay.  And if it were possible for
10 me to get clarity from Your Honor, has Your Honor decided
11 whether or not you're going to hold off for these Fourth
12 Circuit and Sixth Circuit decisions or --
13     THE COURT:  I probably will not, given your advice
14 about how long they might take.  I would like to, of course,
15 but then by then -- by then there may be some other circuits
16 involved in the mix, and I think the language in the cases
17 that have -- the panel cases so far have been really helpful,
18 and even though they're not on point.  Judge Wilkinson's
19 opinion has already been quoted, cited and I think more for
20 his aspirational comment, but I suppose that there's no
21 assurance that delay will add clarity at all.  Maybe it would
22 have the opposite effect.
23     MR. LUCHENITSER:  Thank you Your Honor.
24     THE COURT:  Have a nice day.  Thanks for the help.
25 Always enjoy hearing from you.

1         MR. KNOX:  Thank you, Your Honor.

2         MR. LUCHENITSER:  Thank you, Your Honor.

3     (WHEREUPON, this matter was concluded at 9:51 a.m.)

4

5                         *  *  *

6

7                  CERTIFICATE OF REPORTER

8
  I certify that the foregoing is a correct transcript of the
9 record of proceedings in the above-entitled matter.

10
   _/s/ Suzanne L. Trimble_____         _2/2/18_
11  Suzanne L. Trimble, CCR, CRR, RPR          Date
    Official Court Reporter
12