UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DAVID WILLIAMSON, CHASE
HANSEL, KEITH BECHER,
RONALD GORDON, JEFFERY
KOEBERL, CENTRAL FLORIDA
FREETHOUGHT COMMUNITY,
SPACE COAST FREETHOUGHT
ASSOCIATION, and HUMANIST
COMMUNITY OF THE SPACE
COAST,

      Plaintiffs,

v.

BREVARD COUNTY,                        Case No. 6:15-cv-1098-Orl-28DCI

      Defendant.

_____

### CONSENT AMENDED FINAL JUDGMENT

Upon consideration of the Joint Motion By All Parties for Entry of Consent Amended Final

Judgment (Doc. 150), it is **ORDERED** that the motion is **GRANTED**. In accordance with that

motion and an agreement by all parties to this case, the Court hereby **ORDERS** and **ADJUDGES** as

follows:

1. Pursuant to 28 U.S.C. § 2201, the Court hereby issues a declaratory judgment that the

invocation-speaker-selection practices and procedures of Brevard County ("the County"), as

explained by the Brevard County Commissioners ("the Commissioners") in their testimony taken

in this action and as embodied in Brevard County Board of County Commissioners ("the Board")

Resolution 2015-101, violated the Establishment Clause of the First Amendment to the United

States Constitution by discriminating in favor of certain monotheistic religions.

1

2.   The Court vacates entirely the permanent injunction contained in its original Final Judgment (Doc. 115 ¶ 6, filed November 29, 2017).  The Court hereby permanently enjoins the County from continuing the invocation-speaker-selection practices and procedures as explained by the Commissioners in their testimony taken in this action and as embodied in Resolution 2015-101, insofar as such practices and procedures resulted in discrimination in favor of certain monotheistic religions.

3.   Consistent with the Opinion of the United States Court of Appeals for the Eleventh Circuit issued on July 8, 2019, nothing in this Consent Judgment shall be construed as resolving or having preclusive effect with respect to the issue of whether the County must permit nontheists to deliver opening invocations.

4.   The Court hereby incorporates into this Consent Judgment the parties' Mediation Partial Settlement Agreement dated April 6, 2016 and filed November 13, 2017 (Doc. 112-2) and specifically orders as follows:

a.   The County shall pay the plaintiffs listed in the caption above ("Plaintiffs") as compensatory damages the total sum of $60,000.00, to be divided among Plaintiffs in accordance with an agreement among them.

b.   The $60,000 payment plus any accruable post-judgment interest shall be made by or on behalf of the County to Plaintiffs' counsel ACLU Foundation of Florida, Inc., via a lump-sum check, certified check, cashier's check, or wire transfer, within thirty (30) days of entry of this Consent Judgment.

c.   The $60,000 payment shall fully resolve all claims for damages that Plaintiffs made against the County in this action, as well as any other claims for damages that Plaintiffs could have brought relating to invocations at Board

2

meetings against the County, its past or present boards, commissioners, agents, employees, or attorneys, Preferred Government Insured Trust, Preferred Governmental Claims Solutions, or PGCS Claim Services.

5. In satisfaction of Plaintiffs' claims for attorney's fees, expenses, and costs, the County shall pay or cause to be paid $430,000.00 to Plaintiffs' counsel Americans United for Separation of Church and State. Further:

a. The $430,000.00 payment shall be made by or on behalf of the County to Americans United for Separation of Church and State, via a lump-sum check, certified check, cashier's check, or wire transfer, within thirty (30) days of entry of this Consent Judgment.

b. The $430,000.00 payment shall fully resolve all claims for attorney's fees, expenses, and costs that Plaintiffs or Plaintiffs' counsel made against the County in this action, as well as any other claims for attorney's fees, expenses, and costs that Plaintiffs or Plaintiffs' counsel could have brought relating to invocations at Board meetings against the County, its past or present boards, commissioners, agents, employees, or attorneys, Preferred Government Insured Trust, Preferred Governmental Claims Solutions, or PGCS Claim Services.

6. On or before twenty-one (21) days after the date that Brevard County pays all monetary relief ordered in this Consent Judgment, counsel for Plaintiffs shall file a Satisfaction of Judgment with regard to damages and attorney's fees in this action.

7. The Court retains jurisdiction to enforce (if necessary) this Consent Judgment.

**IT IS SO ORDERED AND ADJUDGED.**

By: _____     Date: _____

John Antoon II
United States District Judge

4